UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KEITH ROBINSON, EARLINE ROBINSON, INDIVIDUALLY AND ON BEHALF OF ALL OTHER SIMILARLY SITUATED, ) ) ) ) | |
| ) | Case No. 23-cv-16461 |
| Plaintiffs, ) ) | |
| v. ) ) | Judge Sharon Johnson Coleman |
| MUTUAL OF OMAHA, UNITED OF OMAHA LIFE INSURANCE COMPANY, ) ) ) | |
| ) | |
| Defendant. ) | |

**ORDER**

Plaintiffs Keith and Earline Robinson bring an eight-count complaint against United of Omaha Life Insurance Company ("United") related to an application for life insurance submitted by Earline Robinson. The core of Plaintiffs' case is that United improperly required Ms. Robinson to undergo a blood test in connection with her application, in violation of their own stated policies, resulting in an increase in the premiums on her life insurance policy and an unnecessary loss of blood. Before the Court is United's motion to dismiss the complaint under Federal Rules of Civil Procedure 12(b)(1), 12(b)(2), and 12(b)(6). For the reasons below, the Court grants the motion [16] on jurisdictional grounds. The Court dismisses Plaintiffs' complaint without prejudice to refiling within 30 days if they believe they can fix the issues the Court identifies here. If Plaintiffs do not refile within 30 days, the dismissal will automatically convert to a dismissal with prejudice.

**STATEMENT**

The Court first notes that "[a]lthough civil litigants who represent themselves ('pro se') benefit from various procedural protections not otherwise afforded to the attorney-represented litigant … pro se litigants are not entitled to a general dispensation from the rules of procedure." *Downs v. Westphal*, 78 F.3d 1252, 1257 (7th Cir. 1996) (quoting *Jones v. Phipps*, 39 F.3d 158, 163 (7th

1

Cir. 1994)). Although the Court will liberally construe Plaintiffs' pro se complaint, accepting all of their well pleaded allegations as true and viewing them in the light most favorable to them, *Lavalais v. Vill. of Melrose Park*, 734 F.3d 629, 632 (7th Cir. 2013), it cannot excuse them from including the necessary components of the complaint.

Federal Rule of Civil Procedure 8(a)(1) requires that a complaint include "a short and plain statement of the grounds for the court's jurisdiction." Plaintiffs' complaint does not do so, and United has filed a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction as well as a Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction. "A plaintiff faced with a 12(b)(1) motion to dismiss bears the burden of establishing that the [subject matter] jurisdictional requirements have been met," *Center for Dermatology and Skin Cancer, Ltd. v. Burwell*, 770 F.3d 586, 588-89 (7th Cir. 2014), and the same burden exists for establishing personal jurisdiction under a 12(b)(2) motion. *See Purdue Research Foundation v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003). If this Court does not have a basis for exercising personal jurisdiction, it "need not—indeed, cannot—address the defendants' other arguments for dismissal," including "the adequacy of the pleadings for purposes of Rule 12(b)(6)." *Kraft Chem. Co. v. Salicylates & Chemicals Priv. Ltd*, No. 14 C 04186, 2014 WL 11127924, at *3 (N.D. Ill. Oct. 28, 2014) (Tharp, J.).

**Subject Matter Jurisdiction**

Plaintiffs can establish subject matter jurisdiction in this case through diversity jurisdiction or by raising a federal question. Diversity jurisdiction here requires that the parties are citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a)(1). At a minimum, a complaint must allege the citizenship of each party and a clear request for damages. Plaintiffs fail to allege any facts to support diversity jurisdiction.

Alternatively, the two counts Plaintiffs bring under federal law suggest that federal question jurisdiction could apply. However, federal question jurisdiction is not satisfied when the alleged

2

federal claim "clearly appears to be immaterial and solely made for the purpose of obtaining jurisdiction or where such a claim is wholly insubstantial and frivolous." *Ricketts v. Midwest Nat. Bank*, 874 F.2d 1177, 1180 (7th Cir. 1989) (citing *Bell v. Hood*, 327 U.S. 678, 681–82, 66 S. Ct. 773, 776, 90 L. Ed. 939 (1946)). Thus, these counts must be established as substantial to provide basis for federal question jurisdiction. As United points out, the complaint does not provide a "scintilla of factual support" for the two claims brought under the Fourteenth Amendment and Lanham Act, let alone demonstrate how the laws apply to this case. If Plaintiffs intend to use these claims as the basis for the Court's subject matter jurisdiction over the case, they must include more plausible factual support for the claims.

It will be difficult for Plaintiffs to properly plead their Fourteenth Amendment Due Process claim. The Fourteenth Amendment's Due Process Clause provides a cause of action against state actors. That is, "the Fourteenth Amendment applies only to government action, not purely private conduct." *Jagla v. Lasalle Bank*, 253 F. App'x 597, 599 (7th Cir. 2007) (citing *Wade v. Byles*, 83 F.3d 902, 904 (7th Cir. 1996)). As United is a private company and not a government entity or employee, Plaintiffs will need a much more substantial explanation demonstrating how United's alleged conduct was an exercise of state power.

To properly plead their claim for false advertising under the Lanham Act, Plaintiffs need to plausibly allege each of the following elements: "(1) a false statement of fact by the defendant in a commercial advertisement about its own or another's product; (2) the statement actually deceived or has the tendency to deceive a substantial segment of its audience; (3) the deception is material, in that it is likely to influence the purchasing decision; (4) the defendant caused its false statement to enter interstate commerce; and (5) the plaintiff has been or is likely to be injured as a result of the false statement, either by direct diversion of sales from itself to defendant or by a loss of goodwill associated with its products." *Hot Wax, Inc. v. Turtle Wax, Inc.*, 191 F.3d 813, 819 (7th Cir. 1999).

3

Even if the elements of this claim could be hidden in the exhibits attached to the complaint, Plaintiffs must go through the process of spelling them out in the complaint.

In summary, Plaintiffs have failed to meet their burden to show facts sufficient to support diversity or federal question jurisdiction. And although the Court does not reach the merits of Plaintiffs' claims, the Court warns Plaintiffs that mere federal-law labels will not be enough to support jurisdiction in this Court.

**Personal Jurisdiction**

Along with establishing subject matter jurisdiction, Plaintiffs will also have to demonstrate that this Court has personal jurisdiction over United. In other words, Plaintiffs have to show that this particular court can exercise its power over United in this particular case. "Federal courts ordinarily follow state law in determining the bounds of their jurisdiction over persons. … The Illinois long-arm statute requires nothing more than the standard for federal due process." *John Crane, Inc. v. Shein L. Ctr., Ltd.*, 891 F.3d 692, 695 (7th Cir. 2018) (internal citations omitted). Under relevant Illinois and federal law, personal jurisdiction can be established over an out-of-state corporate defendant with "a showing that the defendant purposefully directed its activities at the forum state and the cause of action arose out of or relates to" those activities. *Russell v. SNFA*, 2013 IL 113909, ¶ 40, 987 N.E.2d 778, 787 (Ill. 2013) (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985)); *see also Brook v. McCormley*, 873 F.3d 549, 552 (7th Cir. 2017) (Federal due process requires that a defendant has sufficient contacts with the forum state "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.") (citations omitted). Like the allegations relating to subject matter jurisdiction (or lack thereof), the complaint does not allege any facts relating to United's activities in Illinois that would create personal jurisdiction over it. Without any such jurisdictional allegations, Plaintiffs fail to meet their burden against United's challenge.

4

## CONCLUSION

United's motion to dismiss under Rules 12(b)(1) and 12(b)(2) is granted. Because Plaintiffs have failed to provide the basis for the Court's subject matter jurisdiction over the case or personal jurisdiction over United, the Court must dismiss the complaint. The Court does so without prejudice. If Plaintiffs believe in good faith that they can correct the deficiencies noted in this order, they have 30 days to amend the complaint. If Plaintiffs do not refile within 30 days, the dismissal will automatically convert to a dismissal with prejudice.

If they choose to file an amended complaint, Plaintiffs must include facts supporting the Court's personal and subject matter jurisdiction. And although the Court does not reach United's Rule 12(b)(6) arguments, Plaintiffs are advised to review those arguments if they choose to amend. Even if this Court had jurisdiction, to survive a Rule 12(b)(6) motion to dismiss Plaintiffs must "state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955 (2007), meaning their complaint must include "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009).

Because even jurisdiction is unclear at this point, the Court denies Plaintiffs' motion for attorney representation [4] without prejudice to refiling at a later stage of the case.

**IT IS SO ORDERED.**

Date: 7/26/2024

Entered:

_____
SHARON JOHNSON COLEMAN
United States District Judge